IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SHEILA SCHULZ,

                              OPINION and ORDER

        Plaintiff,

                              09-cv-298-bbc

        v.

GREEN COUNTY, WISCONSIN,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        Plaintiff Sheila Schulz alleges that defendant Green County, Wisconsin deprived her of her job without due process of law. Defendant has moved to dismiss the suit on the ground that defendant terminated plaintiff's position pursuant to a reorganization plan. However, because the complaint does not establish that defense conclusively, I will deny defendant's motion.

        As an initial matter, plaintiff has filed a "motion for leave to file a clarification" in response to defendant's reply. Although the "clarification" is little more than citations to the complaint, defendant does not oppose the request, instead responding with its own citations to the complaint. Plaintiff's motion will be granted and the parties' additional

1

materials will be considered for the purpose of deciding defendant's motion to dismiss.

From plaintiff's complaint, I draw the following allegations of fact.

ALLEGATIONS OF FACT

In 2001, plaintiff Sheila Schulz was appointed as the director of juvenile intake for defendant Green County, Wisconsin. In that position, plaintiff was the chief juvenile intake worker because she supervised at least two other juvenile intake workers. She worked at the Circuit Court for Green County under a circuit court judge.

On November 19, 2008, the Green County Board Personnel Committee met in closed session and discussed juvenile intake services. The committee reconvened in open session and after little discussion, voted to move plaintiff's intake position to the Human Services department. The minutes of the committee meeting included a proposed resolution to the effect that the chief intake worker position in the circuit court would be "eliminated" and a new intake worker position with a lower salary would be created in the Human Services department.

On December 9, 2008, the Green County Board of Supervisors adopted the resolution recommended by the personnel committee. Pursuant to that resolution, defendant terminated plaintiff's position, effective December 31, 2008. Although defendant eliminated the director of juvenile intake position within the circuit court system, the role

of chief juvenile intake worker was not eliminated but rather was given to another person in the Human Services department. (State statutes require intake workers and, when there is more than one of them, one must be designated as "chief worker" to supervise other workers. Wis. Stat. §§ 48.06(3) and 938.06(3).)

In the middle of December, 2008, defendant posted a "new" juvenile intake position. After a five-day union-only posting of the position, defendant's corporation counsel invited plaintiff to apply for the juvenile intake position at Human Services and forwarded her an application. Plaintiff applied and was given a position as a juvenile intake worker under Human Services. The position was subject to a 90-day probationary period and provided a base salary approximately seven dollars an hour less than plaintiff had received as director of juvenile intake. She began working in the new position on January 1, 2009, the day after defendant terminated her from the old position.

OPINION

Defendant contends that plaintiff's due process claim must be dismissed because plaintiff alleges facts that establish that she lost her position as a result of a legitimate governmental reorganization. The argument is as follows: although plaintiff's position may give rise to a constitutionally protected property interest because it requires that termination be for "cause," any such interest does not extend to termination caused by governmental

3

reorganization. Wisconsin courts have held that the civil service laws requiring "cause" for termination do not stand in the way of legitimate governmental reorganization. State ex rel. Thein v. City of Milwaukee, 229 Wis. 12, 18, 281 N.W. 653, 655 (1938) (civil service laws not intended to prevent "good-faith reorganization with a view of securing greater efficiency"). On this basis, courts have held that governmental reorganization is a defense to due process claims involving property interests created by Wisconsin's civil service laws. Dane County v. McCartney, 166 Wis. 2d 956, 968-69, 480 N.W.2d 830, 835-36 (Ct. App. 1992) (governmental employee not entitled to due process if position eliminated pursuant to a reorganization); Felde v. Town of Brookfield, 570 F. Supp. 2d 1070 (E.D. Wis. 2008); see also Misek v. City of Chicago, 783 F.2d 98, 100 (7th Cir. 1986) (recognizing reorganization defense under Illinois law).

Defendant is correct that legitimate governmental reorganization serves as a defense to plaintiff's due process claim. However, under Fed. R. Civ. P. 12(b)(6), dismissal of the complaint on the ground of an affirmative defense such as this one is proper only if the complaint alleges facts that establish the defense conclusively. Tamayo v. Blagojevich, 526 F.3d 1074, 1086 (party may plead itself out of court by establishing impenetrable defense to claims). Plaintiff alleges that she was terminated from her position and was then hired in a lower-paying position in a separate department. However, she also alleges that although her position was eliminated as it stood under the circuit judge, the position of chief juvenile

4

intake worker was not eliminated but simply transferred to another person in the Human Services department.

As the Court of Appeals for the Seventh Circuit has held, a government cannot circumvent due process requirements by simply crying "reorganization." Misek, 783 F.2d at 101. A defendant must establish that the reorganization was "legitimate" or that it occurred "in fact" and was not simply a "sham" reorganization. Id. Although no clear standard has been established distinguishing "legitimate" from "sham" reorganizations, the parties agree that whether an employee's position has in fact been eliminated is key to deciding that question. Id. That question is answered by looking at the reorganized positions to determine whether any contain duties substantially similar to the original position. Thein, 229 Wis. at 12, 281 N.W. at 655 (change in name only with no change in duties indicates bad faith).

In this case, plaintiff alleges that her chief juvenile intake worker position was not eliminated but instead assigned to another person in the Human Services department. Defendant suggests that the "other person" was plaintiff herself because plaintiff alleges that she took up *a* position in the Human Services department. However, at this early stage, the facts must be viewed in the light most favorable to plaintiff. In that light, it is possible to infer that, although plaintiff was rehired as a juvenile intake worker in the Human Services department, someone else in the department was given the position of "chief" juvenile intake

5

worker to supervise the other workers. The allegations allow the drawing of an inference that defendant's position was not truly eliminated and that the reorganization is a "sham." The complaint does not identify any benefit to moving the juvenile intake positions to the Human Services department so it is impossible to decide whether there is some other legitimate basis for the reorganization. Because the complaint does not establish conclusively that plaintiff's position was terminated pursuant to a legitimate governmental reorganization, it would not be proper to dismiss the case on that ground. Therefore, defendant's motion will be denied.

## ORDER

IT IS ORDERED that

1. The motion for leave to file a clarification filed by plaintiff Sheila Schulz, dkt. #15, is GRANTED.

2. The motion to dismiss filed by defendant Green County, Wisconsin, dkt. #7, is DENIED.

Entered this 24th day of August, 2009.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge